UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BETTY SAMUELSON,

        Plaintiff,

v.

        Case Number 10-13422-BC
        Honorable Thomas L. Ludington

COVENANT HEALTHCARE SYSTEM,
RELIANCE STANDARD LIFE INSURANCE
COMPANY, and MATRIX MANAGEMENT
INC.,

        Defendants.
_____ /

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO ADJOURN AND DENYING PLAINTIFF'S MOTION TO AMEND HER COMPLAINT

On August 26, 2010, Plaintiff filed a one-count complaint against Defendants Covenant Healthcare System, Reliance Standard Life Insurance Company, and Matrix Management, Inc. Plaintiff contends that a long-term disability benefit provided through a plan issued by Reliance Standard and administered by Matrix was improperly offset against a retirement benefit provided by Covenant, Plaintiff's former employer, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §§ 1001–1461. Pursuant to the scheduling order and a later amendment, the parties filed cross-motions for judgment on the administrative record in late May. Now before the Court are Plaintiff's May 20, 2011 motion for leave to file an amended complaint, and Plaintiff's May 25, 2011 emergency motion to adjourn the cross-motion deadline as to Covenant only. For the reasons explained below, both motions will be denied.

The Court summarized the facts in an earlier order [Dkt. # 17]:

    Plaintiff began working for Defendant Covenant Healthcare in 1982, and continued as an employee until March 12, 2007. At that point, she became disabled and left work. She received short-term disability benefits from March 12, 2007

through September 7, 2007. On October 8, 2007, she began receiving long-term disability benefits through a plan provided by Defendant Reliance Standard Life Insurance and administered by Defendant Matrix Absence Management. On March 1, 2008, Plaintiff retired and began receiving retirement benefits. She retired on that date because electing to retire at a later date would have reduced certain retirement benefits, which she refers to as "dollar credit plan credits." [The dollar credits apparently permitted plaintiff to receive health insurance coverage at a reduced rate, and according to Covenant, were worth $36,000 annually].

After Plaintiff retired, Defendant Matrix Absence Management determined that under the long-term disability plan, Plaintiff's retirement benefits were an offset to her long-term disability benefits and reduced her long-term disability payments. Plaintiff contends that the early retirement caused a loss of $124,000 in long-term disability benefits and $100,000 in retirement benefits. She further contends that Defendants breached their fiduciary duties to her by "forcing" her to retire early. Finally, she contends that the Defendants erred by calculating her long-term disability benefits with an offset for her retirement benefits.

Plaintiff seeks to amend her complaint to include a state-law claim for negligent or intentional misrepresentation against Covenant, and a breach of fiduciary duty claim against Covenant. Covenant responds that the request to add a breach of fiduciary duty claim should be denied because Plaintiff's request to add such a claim was denied in an earlier order. Covenant further contends that the request to amend is untimely and would be futile.

In a January 11, 2011 order, the Court denied plaintiff's request for discovery, concluding that Plaintiff's claim for wrongful denial of benefits was governed by 28 U.S.C. § 1132(a)(1)(B) and did not entitle Plaintiff to discovery. [Dkt. # 17]. The "catchall" breach of fiduciary duty provision Plaintiff cited in her discovery request, 29 U.S.C. § 1132(a)(3), "act[s] as a safety net, offering appropriate equitable relief for injuries" that are not squarely addressed by the other provisions of the statute. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). That catchall provision did not entitle Plaintiff to discovery in a case based on an allegedly improper denial of benefits under § 1132(a)(1)(B). Thus, Plaintiff was denied discovery because her complaint focused on §

1132(a)(1)—denial of benefits—as opposed to § 1132(a)(3). Plaintiff now wants to add a § 1132(a)(3) claim against Covenant and a state-law claim against Covenant.

Had Plaintiff sought to amend her complaint when the Court denied her discovery request, seeking to add additional claims against Covenant, her request may have been permitted. As the Court noted in the earlier order, Plaintiff's complaint is unclear, and her discovery request was not well defined. An amended complaint may have helped clarify the case at that stage. Instead, Plaintiff waited six months, until mere days before the cross-motion deadline, and then sought leave to file additional claims that would require discovery, and, if necessary, a trial. In such a circumstance, too much time has passed to conclude that the interest of justice requires an amendment. *See* Fed. R. Civ. P. 15(a)(2).

Moreover, even if the requested amendment had been sought sooner, both amendments appear to be futile. The state-law claim is futile because ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. 1144(a). ERISA preempts all state-law claims that have a "connection with or reference to" an employee benefit plan like the one at issue here. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275–76 (6th Cir. 1991) (citations and quotations omitted). The Sixth Circuit has concluded that a negligent misrepresentation claim based on Ohio law is preempted by ERISA. *Id.* Thus, a negligent misrepresentation claim "connect[ed] with" a dispute about an employee benefit plan is also preempted by ERISA. *Id.*

Similarly, the catchall breach of fiduciary duty claim described in § 1132(a)(3) is intended to provide a remedy where there is not one otherwise available under ERISA. *Howe*, 516 U.S. at 512. Plaintiff has not demonstrated she has no other remedy under ERISA, nor, for that matter, is

there any evidence that Covenant, her employer, owed her any fiduciary duty with respect to the long-term disability plan, much less breached such a duty. Indeed, Plaintiff insists in her recently-filed cross motion for judgment on the administrative record [Dkt. # 25] that she does have an alternate remedy under the plan. She further acknowledges that the long-term disability plan was provided by Reliance and administered by Matrix, which makes Reliance and Matrix fiduciaries under the plan, not Covenant. Accordingly, the motion to file an amended complaint will be denied.

Plaintiff has also filed an emergency motion to adjourn the cross-motion deadline as to Covenant only. Plaintiff contends that Covenant is a plan administrator of the retirement plan and did not file the appropriate administrative record. As such, Plaintiff asserts that she is not responsible for filing her cross motion against Covenant at this time.

Covenant may well be considered the administrator of the retirement plan, but it is the interpretation of the long-term disability plan, not the retirement plan, that is at issue in this case. Plaintiff contends that she was "forced" to retire, but she does not contend that she received a lower benefit than she should have under the terms of the retirement plan. Rather, she contends she would have received more if she retired later. She further contends that the administrator of the long-term disability plan improperly used the retirement benefit as an offset against the disability benefit because she did not retire voluntarily. Resolution of the issue depends on the language of the disability plan and not the retirement plan. Accordingly, the emergency motion will be denied and Plaintiff's cross motion will be construed as seeking judgment on the administrative record as to all three Defendants.

Accordingly, it is **ORDERED** that Plaintiff's motion to file an amended complaint [Dkt. # 23] is **DENIED**.

It is further **ORDERED** that Plaintiff's emergency motion to adjourn the cross motion deadline as to Covenant only [Dkt. # 24] is **DENIED**. Plaintiff's cross motion [Dkt. # 25] will be construed as a cross motion as to all three Defendants and heard along with the other cross motions on September 14, 2011.

                                                              s/Thomas L. Ludington  
                                                              THOMAS L. LUDINGTON  
                                                              United States District Judge

Dated: June 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 8, 2011.

                                        s/Tracy A. Jacobs  
                                        TRACY A. JACOBS